# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCEL MALACHOWSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-20-1002-G |
| ) | |
| WARDEN FOX et al., ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter comes before the Court for review of the Report and Recommendation ("R. & R.") (Doc. No. 8) issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On October 2, 2020, Petitioner, a federal prisoner appearing pro se, filed his Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of a prior criminal conviction. *See* Pet. (Doc. No. 1); *see also United States v. Malachowski*, No. 1:08-cr-00701-DNH (N.D.N.Y.). Judge Purcell recommends that the Petition be dismissed without prejudice for lack of jurisdiction.

On November 6, 2020, Petitioner filed a timely objection to the R. & R. *See* Pet'r's Obj. (Doc. No. 9-1).[1] Petitioner's Objection triggers de novo review by this Court. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Magistrate Judge found that Petitioner may not

---

[1] Petitioner has filed a motion requesting leave to file an "expanded" objection of roughly 50 pages, which Petitioner attached to his motion. The Court grants Petitioner's Motion (Doc. No. 9) and accepts the Objection attached thereto (Doc. No. 9-1).

use the savings clause found in 28 U.S.C. § 2255(e) to test the legality of Petitioner's conviction by bringing this § 2241 petition. The Magistrate Judge concluded that the savings clause does not provide a means for asserting claims in a § 2241 proceeding that could have been raised in a petitioner's first § 2255 motion. *See* R. & R. at 4-8. The R. & R. further concluded that the Court should dismiss the Petition without prejudice rather than transfer it to the United States District Court for the Northern District of New York.

The Magistrate Judge thoroughly discussed and applied the appropriate standard for determining whether the Court has jurisdiction in this case. *See id.* As explained in the R. & R., Petitioner is challenging the validity of his conviction and sentence, and, generally, a federal prisoner may make such a challenge only under § 2255. *See id.* at 5-6 (citing *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)). Petitioner previously sought relief attacking the legality of his conviction or sentence under 28 U.S.C. § 2255, and such relief was denied by the sentencing court. *Id.* at 2. In order to file a second or successive § 2255 petition, Petitioner would need to seek leave "in the appropriate court of appeals"—something that Petitioner does not allege he has done. 28 U.S.C. §§ 2244(b)(3), 2255(h); *see* R. & R. at 9.

A federal prisoner may resort to § 2241 to contest his or her conviction only in the rare circumstance that the prisoner satisfies § 2255(e)'s savings clause. R. & R. at 6. The Magistrate Judge concludes, and the undersigned upon independent review agrees, that Petitioner has not satisfied his burden to demonstrate that § 2255 is "'inadequate or ineffective to test the legality of his detention.'" *Id.* at 6 (quoting 28 U.S.C. § 2255(e)). In his Objection, Petitioner states in detail his multiple grievances regarding his conviction

2

and sentence, as well as the disposition of his first § 2255 petition, but Petitioner fails to articulate any circumstance that might implicate the savings clause. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (identifying the "abolition of the original sentencing court" as one example in which § 2255 would be inadequate or ineffective); *see also Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020) ("[C]laims based on the Supreme Court's decision in *Rehaif* do not come within the scope of § 2255(h)(2).").

The Tenth Circuit has explained that "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle*." *Prost*, 636 F.3d at 590. "The savings clause doesn't guarantee results, only process." *Id*. Therefore, neither the failure of Petitioner's claims in his previous attempt for § 2255 relief nor any alleged error in his conviction or sentence constitutes grounds to proceed under the savings clause of § 2255.

Upon de novo review of the issues presented, the Court fully concurs with the Magistrate Judge's analysis. The Court finds that it lacks jurisdiction over the instant case, that transfer is not warranted, and that the Petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 8) is ADOPTED and the Petition (Doc. No. 1) is DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a certificate of appealability ("COA") must issue for an appeal to be taken from a final order in a proceeding under 28 U.S.C. § 2255. A COA may issue only upon "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 27th day of September, 2021.

CHARLES B. GOODWIN
United States District Judge